## Howard v. Commonwealth.

(Decided Sept. 27, 1938.)

C. F. PACE for appellant.

HUBERT MEREDITH, Attorney General, and WILLIAM HAYES, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

James Howard has been convicted of willful murder in the Johnson circuit court and sentenced to life imprisonment. He is appealing.

The only ground urged for reversal is that the court erred in instructing the jury, it being urged that an instruction should have been given embodying the right of appellant to use such force as was necessary or believed by him in the exercise of reasonable judgment

to be necessary, even to the taking of the life of deceased to prevent the latter from entering appellant's place of business. Appellant was indicted for the murder of Junior Blair, the killing occurring in front of appellant's place of business in West Van Lear. Appellant conducted a general store, sold intoxicating liquors and maintained a dance hall called the Eagles Nest in the building.

According to the evidence for the commonwealth, deceased, a young man about 21 years of age, and another young man were engaged in wrestling and apparently good natured pranks on the sidewalk in front of appellant's building. His wife came to the door and ordered deceased away. He told her to go back into the store and shut her mouth or attend to her own business. She returned later with a broomstick, had some words with deceased, and told him that she would send her husband out. Shortly thereafter appellant came to the door and ordered deceased away. He then procured a poker and either attempted to strike or struck deceased who ran across the street or road losing one shoe about the middle of the road. He procured some rocks, went back to where he had lost his shoe and was in the act of putting it on when appellant came up to his rear or side and fired two or three shots into his body, one bullet striking at the top and back of the ear and another entering about the hip. Blair immediately fell and died as a result of these wounds. Witnesses for the commonwealth testified that deceased was saying nothing to appellant and was making no demonstrations toward him, in fact did not see him at the time of the shooting. Appellant testified that he went out in front of the store and ordered deceased away, his evidence indicating that the attitude and talk of deceased was threatening toward him; that deceased went across the road procured two rocks and started back toward the store and believing that he might throw the rocks into the store and injure him or some of the family, he shot him. Appellant testified as to prior misconduct of deceased at his place of business and abusive language and threats toward him and members of his family.

Counsel for appellant relies on the cases of Sparks v. Commonwealth, 89 Ky. 644, 20 S. W. 167, and Steele v. Commonwealth, 192 Ky. 223, 232 S. W. 646. In the former case the accused and his partner had shut them-

selves up in their place of business to avoid a threatened attack by the party charged to have been killed and the latter at the time of the shooting was attempting to gain entrance into the building by forceably opening a door or shutter to a window. In the latter case, there was evidence that the deceased was attempting to gain entrance to appellant's place of business. The distinction between those cases and the one under consideration is at once apparent. There is no evidence that deceased had been in the building on the day of the homicide or that he was threatening or attempting to enter it. Appellant's right to defend himself and members of his family against any attack or threatened attack of deceased and to use such force as was necessary to repel such attack and avert any danger, real or to him apparent, was embodied in a self-defense instruction in a form often approved by this court. The instructions as a whole properly submitted every issue made by pleading and proof and no error was committed by failure or refusal to give the instruction contended for by counsel for appellant.

Judgment affirmed.